**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DUKE'S K9 DASH N' SPLASH LLC<br>6948 State Route 303<br>Windham OH 44288 | ) <br> ) <br> ) <br> ) | |
| -and- | ) <br> ) | CASE NO. |
| MICHELLE FILLER,<br>8987 Birchwood Drive<br>Twinsburg OH 44087 | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | JUDGE |
| -vs- | ) <br> ) <br> ) | |
| JOHN ZIZKA, in his individual capacity and<br>in his official capacity as a former Freedom<br>Township Trustee<br>9177 Asbury Road<br>Mantua OH 44255 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **COMPLAINT** |
| -and- | ) <br> ) <br> ) | **JURY TRIAL DEMANDED** |
| ROY MARTIN, in his individual capacity<br>and in his official capacity as a former<br>Freedom Township Trustee<br>5934 Streeter Road<br>Mantua OH 44255 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| -and- | ) <br> ) <br> ) | |
| LAURA CHARTIER, in her individual<br>capacity and in her official capacity as a<br>former Freedom Township Zoning Inspector<br>5337 Pioneer Trail<br>Mantua OH 44255 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| -and- | ) <br> ) <br> ) <br> ) <br> ) | |

BEN FASHING, in his individual capacity )
and in his official capacity as a former )
member of the Freedom Township Board of )
Zoning Appeals )
9588 OH-700 )
Windham OH 44288 )
)
-and- )
)
DAVE BULTINCK, in his individual )
capacity and in his official capacity as a )
former member of the Freedom Township )
Board of Zoning Appeals )
7335 Smalley Road )
Windham OH 44288 )
)
-and- )
)
MARY HELEN SMITH, in her individual )
capacity and in her official capacity as the )
Director of Environmental Health of the )
Portage County Health District )
999 E. Main Street )
Ravenna OH 44266 )
)
And )
)
FREEDOM TOWNSHIP BOARD OF )
ZONING APPEALS )
8966 OH-700 )
Ravenna OH 44266, )
)
           Defendants. )

For their Complaint against the Defendants identified above, Plaintiffs state as follows:

## JURISDICTION AND VENUE

1.    This action is brought for deprivation of civil rights under color of state law

pursuant to 42 USC § 1983, conspiracy to interfere with civil rights pursuant to 42 USC §

1985(3), and under the property rights guaranteed to the Plaintiffs under the Fifth and Fourteenth Amendments to the United States Constitution

2.　　　This proceeding is brought under Title 42 USC § 1988 and seeks an award of all remedies available thereunder and under other applicable state and federal law.

3.　　　Jurisdiction is conferred upon this Court by Title 28 USC §§ 1331(a) and 1343(1-4) and 1345. Jurisdiction over the Plaintiffs' state law claims is conferred by 28 USC §1367.

4.　　　Venue for this action is predicated upon Title 28 U.S.C. §1391(b).

## THE PARTIES

5.　　　Plaintiffs Duke's K9 Dash N' Splash LLC ("Duke's") is a limited liability corporation in good standing in the state of Ohio. Duke's principal place of business is located at 6948 State Route 303 in Freedom Township, Windham, Ohio 44288.

6.　　　Plaintiff Michelle Filler ("Filler') is a natural person who is a citizen and resident of the state of Ohio. Filler owns the real property situated at 6948 State Route 303 in Freedom Township, Windham, Ohio, upon which Duke's conducts its business. Filler is the sole member and the manager of Duke's.

7.　　　Defendants John Zizka ("Zizka") and Roy Martin ("Martin") are natural persons who are citizens and residents of the state of Ohio. Zizka and Martin are being sued both in their individual capacities and in their capacities as former members of the Freedom Township Trustees. Zizka and Martin have each participated in misconduct by express and/or tacit agreements with former Freedom Township Zoning Inspector Laura Chartier, former Freedom Township Board of Zoning Appeals members Ben Fashing and Dave Bultinck, Portage County

Health District Director Mary Helen Smith, and the Freedom Township Board of Zoning Appeals, all acting within the scope of their authority and under color of state law.

8.      Defendants Ben Fashing ("Fashing") and Dave Bultinck ("Bultinck") are natural persons who are citizens and residents of the state of Ohio.  Fashing and Bultinck served as members of the Freedom Township Board of Zoning Appeals at all times pertinent hereto until June 23, 2022, at which time both were suspended and/or terminated for their misconduct during a permit hearing associated with Plaintiff's property and business operations. Fashing and Bultinck are being sued both in their individual capacities and in their capacities as former members of the Freedom Township Board of Zoning Appeals. Zizka and Martin have each participated in misconduct by express and/or tacit agreements with former Freedom Township Zoning Inspector Laura Chartier, former Freedom Township Trustees Zizka and Martin, Portage County Health District Director Mary Helen Smith, and the Freedom Township Board of Zoning Appeals, all acting within the scope of their authority and under color of state law.

9.      Defendant Laura Chartier ("Chartier") is a natural person who is a citizen and resident of the state of Ohio. Chartier served as the Freedom Township Assistant Zoning Inspector from approximately October 20, 2020 through January 2022. Chartier is being sued both in her individual capacity and in her capacities as the former Freedom Township Assistant Zoning Inspector. Chartier participated in misconduct by express and/or tacit agreements with former Freedom Township Trustees Zizka and Martin, former Freedom Township Board of Zoning Appeals members Ben Fashing and Dave Bultinck, Portage County Health District Director Mary Helen Smith, and the Freedom Township Board of Zoning Appeals, all acting within the scope of their authority and under color of state law.

4

10.    Defendant Mary Helen Smith ("Smith") is a natural person who is a citizen and resident of the state of Ohio. At all times pertinent hereto, Smith has been and is the Director of the Portage County Health District. Smith is being sued both in her individual capacity and in her capacity as the Director of the Portage County Health District. Smith participated in misconduct by express and/or tacit agreements with former Freedom Township Zoning Inspector Laura Chartier, former Freedom Township Trustees Zizka and Martin, former Freedom Township Board of Zoning Appeals members Ben Fashing and Dave Bultinck, and the Freedom Township Board of Zoning Appeals, all acting within the scope of their authority and under color of state law.

11.    Defendant Freedom Township Board of Zoning Appeals (the "Freedom Twp. BZA") is a governmental entity created under the power granted under R.C. § 519.13, which has the limited powers conferred upon it by R.C. § 519.14 and other applicable Ohio law. Freedom Twp. BZA participated in misconduct by express and/or tacit agreements with former Freedom Township Zoning Inspector Laura Chartier, former Freedom Township Trustees Zizka and Martin, former Freedom Township Board of Zoning Appeals members Ben Fashing and Dave Bultinck, and Portage County Health District Director Mary Helen Smith, all acting within the scope of their authority and under color of state law.

12.    At all times relevant to the allegations contained herein, Defendants Zizka, Martin, Fashing, Bultinck, Chartier, and Smith (collectively the "Individual Defendants") and Defendant Freedom Twp. BZA took actions that were intended to and had the effect of damaging the Plaintiffs in their business and property.

13.    All of the Defendants named herein acted under color and/or pretense of state law. Defendants engaged in patterns of illegal conduct and policies described herein that resulted in

injuries to the Plaintiffs, and deprived Plaintiffs of their rights, privileges, and immunities under applicable federal law. The Individual Defendants are also named in their individual capacities insofar as they were motivated and actuated by personal vendettas against Plaintiffs to interfere with the due process of law and to engage in an ongoing and continuing conspiracy with one another to violate the Plaintiff's property rights and civil rights.

14.     Defendants' misconduct and violations include, among other things, violations of 42 U.S.C. § 1983, conspiracy to violate 42 U.S.C. § 1983 as prohibited by 42 USC 1985, tortious interference with contract and business relations, intentional infliction of emotional distress, negligent infliction of emotional distress, and constitutional violations of the Plaintiff's property rights, all of which have directly and proximately caused substantial damages to Plaintiff's business and property.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.     In May of 2020, Plaintiffs desired to relocate Duke's business premises from its former location at 3392 State Route 82 in Mantua, Ohio to Freedom Township, Portage County, Ohio, where Plaintiffs found 25 acres of land that was zoned agricultural, commercial, and residential. Plaintiffs contacted the then-existing Freedom Township Zoning Inspector Mike Baker to make sure that the plans for use of the plan were acceptable before completing the purchase. Baker referred Plaintiffs to Ben Fashing, who was then chairman of the Freedom Township Board of Zoning Appeals.

16.     In June of 2020, Defendant Fashing confirmed that the property was zoned for agricultural, commercial and residential use. Plaintiffs were told to complete a conditional use

permit application for the use of the land necessary to allow Duke's operations to be relocated to this site, and to bring it to the July 2020 Board of Zoning Appeals meeting.

17.     On July 21, 2020, Filler, then-Zoning Inspector Mike Baker and the realtor utilized by Plaintiffs attended the Freedom Township Board of Zoning Appeals meeting. Freedom Township Trustee Roy Martin told Filler that she was in the "wrong meeting" and that the conditional use permit application was not needed. Instead, Martin informed her that the procedure was to inform the zoning inspector of their plans and that if the zoning inspector approved, nothing more was required.

18.     From July through September of 2020, via phone calls, email, and text messages, Filler continued to contact Freedom Township officials for answers about exactly what was required to obtain the permit to allow Duke's to relocate its operations. Plaintiffs decided to again attempt to turn in a permit application at the September 2020 Board of Zoning Appeals meeting.

19.     On September 14, 2020, Plaintiffs were informed that Mike Baker had resigned as the Township Building Inspector, and that Plaintiffs now needed to contact the Interim Zoning Inspector, Freedom Township Trustee Jeff Derthick, who would review the application prior to submitting it to the Board of Zoning Appeals.

20.     On or about September 15, 2020, Derthick informed Plaintiffs that he was waiting to hear back from the county prosecutor who was researching applicable case law, but that Filler could still meet with him that evening to review the completed application. During that meeting, Derthick reviewed the application, and informed Filler that he believed that the land use is agricultural as does Portage County Prosecutor Brent Bencz. Accordingly, Derthick informed Filler that no permit was required and advised her not to turn in the permit application.

21.    The minutes of the Freedom Township Board of Trustees meeting held on September 17, 2020 indicate that Defendant Zizka stated publicly that, "dog breeding and training is agricultural," as did Trustee Jeff Derthick.

22.    Based on the foregoing, in November 2020, Filler purchased the property and Plaintiffs immediately started improvements to be ready for the start of their season to begin on May 1, 2021.

23.    In December 2020, Filler contacted the newly-appointed zoning inspector, Gerald Apple, to receive the agricultural affidavit. Apple supplied the affidavit to Filler. Filler contacted Apple, as the form did not seem to apply to Plaintiff's operations. Apple agreed that it was unnecessary since Plaintiffs were not erecting any permanent structures at that time, since Plaintiffs use of the land was considered agricultural exempt.

24.    Beginning in January 2021, Defendant Zizka began a campaign against Plaintiffs stating that the land use was not agricultural and that Plaintiffs needed to obtain a conditional use permit. On multiple occasions, Apple explained to Zizka that Plaintiffs were agricultural exempt and there was nothing that he could do to prohibit Plaintiff's intended use of the property. Trustee Jeff Derthick likewise told Zizka that was the case. Ultimately, in May 2021, Apple resigned as zoning inspector, claiming that he was constantly harassed by Zizka.

25.    In May 2021, Zizka stated publicly that he had contacted the Portage County Health District and filed a complaint against Plaintiffs for running an illegal campground, which statement was false and was known by Zizka to be false when made.

26.    Zizka's false complaint about Plaintiffs allegedly running an "illegal campground" prompted the Director of the Portage County Health District, Mary Helen Smith

and Portage County Health District official, Justin Reicher to show up on June 6, 2021, at the Plaintiffs property unannounced and begin taking photographs and conducting an investigation.

27.     On June 10, 2021, acting in her capacity as the Assistant Zoning Inspector, Chartier issued a zoning warning to Plaintiffs at Defendant Zizka's explicit direction. Chartier took the position that Plaintiffs' use of the land was not agricultural, even though the Portage County Prosecutor and the trustees had already determined otherwise.

28.     On June 17, 2021, Laura Chartier (who was the cousin of Defendant Zizka's wife) was appointed interim Zoning Inspector.

29.     On July 23, 2021, the Portage County Health District issued a "warning letter." Plaintiffs' attorney responded to the letter on August 20, 2021. Plaintiffs heard nothing further from the Health District, and assumed that the issues had been addressed and resolved.

30.     In mid-2021, Plaintiffs were informed that the Portage County Prosecutor's opinion had not changed, and that their land use was agriculturally exempt.

31.     On September 15, 2021, Interim Zoning Inspector Defendant Chartier issued a violation notice that parroted the alleged violations mentioned in her June 10 "warning letter."

32.     On September 22, 2021, Smith (acting in her capacity as the Portage County Director of Environmental Health) signed an Affidavit for an Administrative Search Warrant that was filed with the Portage County Clerk of Courts.  In that affidavit, Smith asserted that "she has reason to believe that physical conditions [at Plaintiffs' place of business] … may exist that are or may become hazardous to public health, safety, or welfare…" and that the "conditions include but are not limited to activities being undertaken without a license that may meet the definition of a swimming pool; food service operation campground; and private water system; building and plumbing. [sic]"  That same day, Portage County Common Pleas Judge Becky Doherty issued an

9

Administrative Search Warrant based on Smith's statements in that affidavit that required all inspections to occur within 14 days.

33. On September 29, 2021, the Portage County Health District, the Portage County Building Department, and police raided Plaintiff's business in a six-vehicle caravan, jumping Plaintiffs' fences while business operations were closed.

34. On September 30, 2021, Zizka wrote a letter to the Portage County Building Department on township letterhead referring to Plaintiffs' operations as a "bizarre situation," all without the knowledge or consent of the other trustees. When Plaintiffs submitted a public records request under R.C. 149.43 (the Ohio Public Records Act) to the Portage County Building Department for all information that had been provided to them, the Building Department did not provide a copy of that letter.

35. On October 2, 2021, the Portage County Health District, Portage County Building Department, and police returned to Plaintiffs' premises a second time during one of Plaintiffs' dog diving competitions, stating that they still had the right to search the property and needed to see additional things on the property.

36. Plaintiffs never heard anything more from the Portage County Health District or Portage County Building Department regarding the outcome of the September and October 2021 searches. Plaintiffs ultimately learned that the Portage County Building Department did provide a report to the Portage County Health District, but failed to supply Plaintiffs with a copy.

37. On October 3, 2021, Defendant Chartier issued a second and final violation notice to Plaintiffs, stating that she will be asking the township trustees at the November 4, 2021 meeting to vote on moving the issue to the Portage County Prosecutor for further action.

38.     In November 2021, Filler attended the trustee meeting where Chartier was supposed to ask them to vote on moving the situation to the Portage County Prosecutor. Filler gave a ten-minute presentation to the Trustees and the community about everything that had happened to date. Chartier did not ask the Trustees to escalate the matter to the Portage County Prosecutor at that meeting.

39.     On November 3, 2021, Plaintiffs received an email from their 5-year affiliate and partner for dog diving competitions known as North America Diving Dogs ("NADD"). The executive director of NADD, Debbie Markwardt, stated that she was aware of the issues described herein. Markwardt informed Plaintiffs that they would be given six months to obtain written confirmation from all three agencies (Freedom Township, Portage County Building Department, and Portage County Health District) that there are no outstanding violations against Plaintiffs, or else NADD would not be renewing the upcoming contract for 2022 season.

40.     On November 8, 2021, Markwardt sent an email to Defendant Zizka pertaining to Plaintiffs' operations.  That email thread documents that Zizka had been in direct contact with Markwardt since at least July 21, 2021.

41.     On November 12, 2021, NADD directly contacted Zizka, Freedom Twp. BZA, Trustee Jeff Derthick, The Portage County Health District, and the Portage County Building Department in writing informing them that NADD had given Plaintiffs six months to produce written "no violations" confirmations from the three agencies.  NADD explicitly requested that all three agencies furnish such a confirmation letter to NADD by May 3, 2022.

42.     Thereafter, Plaintiffs continued to work assiduously to obtain the written confirmations that had been demanded by NADD from Freedom Township, Portage County

Building Department, and Portage County Health District that no claimed violations were outstanding against the Plaintiffs.

43.     On December 10, 2022, the Portage County Building Department furnished written documentation stating that:

> "To confirm, there are absolutely
> "NO BUILDING DEPARTMENT VIOLATIONS."

44.     On January 6, 2022, the Freedom Township Board of Trustees furnished a letter to Plaintiffs stating that:

> This letter is to inform you that the Freedom Township Board of Trustees, at this time, does not find Duke's Dash N' Splash in violation of any current Zoning Resolution Codes.

45.     However, Smith and the Portage County Health District refused to provide a letter confirming that there were no outstanding claimed violations.  Consequently, Plaintiffs had no way to prove to NADD that there were no pending Health District violations.

46.     In January 2022, the new Freedom Township Trustees voted unanimously to fire Defendant Chartier due to her misconduct in connection with Plaintiffs' situation. All three trustees confirmed during that meeting that Plaintiffs' property and business has been deemed an agricultural use by the zoning commission, and the Trustees agreed.

47.     By letter dated February 17, 2022, Plaintiffs' then-counsel wrote to NADD transmitting the written "no outstanding violations" confirmations provided to Plaintiffs by the Freedom Township Trustees and the Portage County Building Department. Plaintiffs' then-counsel also transmitted the favorable results for a well permit inspection conducted by the Portage County Health District, since that was the only information that could be provided given the unreasonable and unjustifiable refusal by Smith and the Portage County Health District to supply a written "no outstanding violations" confirmation.

12

48.     On March 15, 2022, NADD informed Plaintiffs in writing that it would not be renewing the upcoming contract for 2022 season. A copy of the March 15, 2022 letter is attached hereto as Exhibit 1. NADD's decision not to renew the contract was the direct, intended, and proximate result of the tortious, intentional, and actionable misconduct of all of the Defendants. NADD's nonrenewal of its contract with Plaintiffs has proximately resulted in the lost revenues to the Plaintiffs that are at the crux of this action.

49.     In March 2022, Plaintiffs wanted to begin work on a new building, and completed an agricultural exemption permit with the township. The new Township Building Inspector, Lou Mincek, approved the application and gave Plaintiffs the placard to be posted on the property. Plaintiffs also filed the agricultural exemption with the Portage County Building Department in April, and that permit was also approved and issued.

50.     In April 2022, an appeal was filed with the Freedom Township Zoning Board, stating that the zoning inspector should not have given Plaintiffs an agricultural building permit. The Board of Zoning Appeals scheduled a hearing for May 3, 2022. During the meeting, Defendants Fashing and Bultinck publicly stated that they had done research on Plaintiff's business and property prior to the hearing, which is a violation of due process. The BZA voted 5-3 to revoke the building permit, despite the fact that the permit was never required in the first instance since the land is zoned for agricultural use.

51.     In June 2022, the Freedom Township Trustees voted to suspend and/or terminate Defendants Fashing and Bultinck for their misconduct during the permit hearing. Fashing's employment was terminated. Bultinck's hearing was continued. When Bilutinck's term of office concluded, he was not reappointed to the Board of Zoning Appeals.

52.     On June 10, 2022, Plaintiffs received an email from the Environmental Protection Agency stating they received a report from Portage County Building Department that Plaintiffs were adding a septic system. Plaintiffs were not adding a septic system, and contacted the Portage County Building Department to see if they had made that erroneous report to the EPA. The Portage County Building Department stated that they did not, and that they do not get involved in septic tanks, which is handled exclusively by the Portage County Health District.

53.     In December 2022, Plaintiffs received a stop work order from the Portage County Building Department. Plaintiffs' attorney contacted the building inspector and received written consent to finish the roof and exterior shell of the building while the stop work order was in place.

54.     In January 2023, Plaintiffs requested a new agricultural permit from the Freedom Township Zoning Inspector, Lou Mincek. The new permit was issued and sent to the Portage County Building Department, which lifted the stop work order.

55.     In March 2023, Defendant Chartier, after her termination as Interim Zoning Inspector, wrote an "anonymous" letter to Plaintiffs' mortgage lender, claiming fraud. The mortgage lender investigated and no fraud was detected.

56.     The Defendants have individually and collectively conspired to deprive Plaintiffs of the use and benefit of their property, and to tortiously interfere with Plaintiffs' ability to conduct legally permissible business operations.

57.     The new building is now complete, but Plaintiffs have been put to undue burden and expense to defeat the Defendants efforts to harass, delay, and deny Plaintiffs' use of their property for business purposes.

14

58.     All of the Defendants, both in their individual and official capacities, and exercising their authority under color of state law, have maliciously and punitively retaliated against Plaintiffs for asserting their property rights, and have consistently obstructed and interfered with Plaintiff's property rights.

## FIRST CLAIM FOR RELIEF
### (Violations of 42 U.S.C. § 1983)

59.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 58 above. as if rewritten at length.

60.     The Defendants have intentionally and/or recklessly acted with deliberate indifference and/or reckless indifference to the Plaintiffs' constitutional rights, including their property guaranteed by the Fifth and Fourteenth Amendments, as well as additional constitutional rights guaranteed by the federal and state constitutions.

61.     The acts and actions described herein demonstrate the constant and persistent obstruction by the Defendants in their continuing impermissible and unconstitutional abuse of power against the Plaintiffs.

62.     Each and every individual named Defendant has acquiesced in and/or participated in and/or conspired to violate the Plaintiffs' property rights complained of herein. Defendants were acting in their respective official capacities, under color of state law, and pursuant to their respective actual authority and/or apparent authority in violating the Plaintiffs' property rights.

63.     Each and every named Defendant is liable to the Plaintiffs for substantial damages, due to the material wrongdoing and misconduct by the Defendants complained of herein. Defendants' misconduct and violations include, *inter alia,* violations of 42 USC § 1983, by the persistent and ongoing constitutional violations of the Plaintiffs' property rights, which

have directly, proximately and have continuously caused substantial damages to Plaintiffs' business and property.

64.     The Defendants acted under color and/or pretense of law. The Defendants engaged in patterns of illegal conduct or policies described hereinafter which resulted in the injuries to the Plaintiffs and deprived Plaintiffs of their rights, privileges and immunities described herein. Defendants have acquiesced in and/or participated in and/or engaged in egregious zoning enforcement misconduct throughout Freedom Township and abused their land use power to damage the Plaintiffs in their business and property. Such abuse of power by local governmental officials is actionable under federal civil rights statutes.

65.     As a direct and proximate result of the constitutional rights violations and the substantial damage to the Plaintiffs' property rights, the Defendants are liable to the Plaintiffs for an award of compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Conspiracy to Violate 42 U.S.C. § 1983)

66.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 65 above as if rewritten at length.

67.     Each and every named Defendant is liable to the Plaintiffs for substantial damages, due to the material wrongdoing and misconduct by the Defendants complained of herein. Defendants' constitutional misconduct and violations include, *inter alia,* an agreement to violate the Plaintiffs' civil rights, whether done expressly or tacitly, by persistent opposition, governmental obstruction of the lawful use of the property by the Plaintiffs and/or by other reckless and/or intentional misconduct, which have directly, proximately and have continuously caused substantial damages to Plaintiffs' business and property.

68.     The Defendants including the Freedom Township Board of Zoning Appeals, and the Individual Defendants, acted under color and/or pretense of law. Each of these Defendants has taken actions and/or otherwise tacitly agreed to and/or acquiesced in policies and misconduct which consistently denied the Plaintiffs' the lawful use of their real property. This misconduct has been based upon political alliances and/or abusive practices which are constitutionally impermissible. The Defendants have engaged in and continue to engage in patterns of constitutionally impermissible conduct and/or policies described herein, which have resulted in the injuries to the Plaintiffs and deprived Plaintiffs of their rights, privileges and immunities guaranteed to them by the United States Constitution and by the Constitution of the State of Ohio.

69.     The Individual Defendants and the Freedom Twp. BZA abused their powers to damage the Plaintiffs in their business and property. Such abuse of power by local governmental officials is actionable under federal civil rights statutes.

70.     As a direct and proximate result of the constitutional rights violations and the substantial damage to the Plaintiffs' property rights, Defendants are liable to the Plaintiffs for an award of compensatory and punitive damages in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**(Just Compensation Takings Claim Under**
**Fifth Amendment to the U.S. Constitution)**

71.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 70 above as if rewritten at length.

72.     Defendants Zizka, Martin, Chartier, Fashing, Bultinck, and Freedom Township Board of Zoning Appeals who have acquiesced in and/or participated in and/or engaged in

zoning enforcement throughout Freedom Township and abused their land use power to violate the Plaintiffs' civil rights and that their abusive practices have resulted in a "taking" as that term is used in constitutional eminent domain nomenclature.

73.     Defendants' actions have been taken under color of state law and/or under the pretense of state law and the Defendants' actions have been unreasonable, unjustifiable and have resulted in an unconstitutional "taking" without just compensation to the Plaintiffs.

74.     As a direct and proximate result of the unconstitutional "taking" of the Plaintiffs' property without just compensation, Defendants are liable to the Plaintiffs for an award of compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Arbitrary and Capricious Substantive Due Process Claim)

75.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 74 above as if rewritten at length.

76.     Plaintiffs hereby allege that the Freedom Township Board of Zoning Appeals, and its individual officials have acted in an arbitrary and capricious manner in persistently obstructing and interfering with Plaintiffs' reasonable, lawful and commercial use of their property.

77.     Said Defendants have acted intentionally and/or willfully to deprive Plaintiffs of their rights to substantive Due Process of Law under the Fifth and Fourteenth Amendments of the U.S. Constitution.

78.     As a direct and proximate result of the foregoing, Defendants are liable to the Plaintiffs for an award of compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Violations of Procedural Due Process)

79.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 78 above as if rewritten at length.

80.     As a direct and proximate result of the unconstitutional misconduct of the Defendants, Plaintiffs have been denied the rights to procedural due process of law under the Fifth and Fourteenth Amendments of the U.S. Constitution.

81.     As a direct and proximate result of the foregoing, Defendants are liable to the Plaintiffs for an award of compensatory and punitive damages in an amount to be determined at trial.


## SIXTH CLAIM FOR RELIEF
### (Tortious Interference with Contractual and Business Relations)

82.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 81 above as if rewritten at length.

83.     Defendants have taken actions which have directly and tortiously interfered with the contractual relationships and business relationships of the Plaintiffs, and with prospective clients, customers, contractors, and vendors.

84.     The Defendants' intentional and tortious interference with the contractual relationship between Plaintiffs and NADD and other business partners and customers was done without legal justification or privilege.

85.     Defendants' unlawful and tortious misconduct has directly and proximately caused financial loss, loss of good will, and other damages.

86. · As a direct and proximate result of the foregoing, Defendants are liable to the Plaintiffs for an award of compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

87.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 86 above as if rewritten at length.

88.     Since November 2020, Defendants have (both alone and acting in concert with others) repeatedly engaged in improper and unprivileged activities for the purpose of vexing and harassing Filler and ending Filler's business activities.

89.     Despite all of Defendants' efforts and the numerous investigations and raids that, Filler has not violated her legal or business obligations with any organization or government agency.

90.     Defendants intended to cause Filler serious emotional distress when they committed the acts described above, which were intended to, and had the effect of, disrupting and damaging Filler's contractual and business relations with vendors, customers, and accrediting or sponsoring entities, and interfering with Filler's prospective advantage with potential customers, vendors, and accrediting or sponsoring entities.

91.     Defendants' intimidating behavior toward Filler was and is extreme and outrageous, passes all bounds of decency in a civilized society and was and is excessive, wanton, or gross.

92.     As a direct and proximate result of Defendants' actions, Filler has suffered severe physical illness, pain and suffering, humiliation, anxiety, embarrassment, annoyance, frustration,

mental anguish, fear, and a significant degree of discomfort, plus lost income and general and special damages.

93.     As a direct and proximate result of the foregoing, Defendants are liable to Filler for an award of compensatory and punitive damages in an amount to be determined at trial.

**EIGHTH CLAIM FOR RELIEF**
**(Negligent Infliction of Emotional Distress)**

94.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 93 above as if rewritten at length.

95.     In the alternative, the Defendants have negligently inflicted serious emotional distress upon Filler.

96.     As a direct and proximate result of Defendants' actions, Filler has suffered severe physical illness, pain and suffering, humiliation, anxiety, embarrassment, annoyance, frustration, mental anguish, fear, and a significant degree of discomfort, plus lost income and general and special damages.

97.     As a direct and proximate result of the foregoing, Defendants are liable to Filler for an award of compensatory damages in an amount to be determined at trial.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiffs hereby demand judgment be entered against the Defendants, jointly and severally, as follows:

1. An award of compensatory damages in an amount to be determined at trial;

2. An award of punitive damages;

3. An award of reasonable attorneys' and expert witnesses' fees;

21

4. An award of costs, pre-judgment and post-judgment interest and expenses; and,

5. Such other and further additional relief as this Court may deem just and equitable.


Respectfully submitted,


/s/ Barry M. Ward
Barry M. Ward, 0014991
BARRY M. WARD CO., LPA
Attorney for Plaintiffs
304 N. Cleveland-Massillon Road
Akron, OH 44333
(330) 535-1555

/s/ Robert L. Tucker
Robert L. Tucker, 0023491
HANNA, CAMPBELL & POWELL, LLP
Attorney for Plaintiffs
3737 Embassy Parkway,  Suite 100
Akron, OH 44333
(330) 670-7300


## JURY DEMAND

Plaintiffs hereby demand a Trial by Jury on all claims and issues so triable in accordance with Rules 38(b) and 39(a) of the Federal Rules of Civil Procedure.

/s/ Barry M. Ward
Barry M. Ward, 0014991
BARRY M. WARD CO., LPA
Attorney for Plaintiffs
304 N. Cleveland-Massillon Road
Akron, OH 44333
(330) 535-1555

<<HCP #1321015-v1>>